May 15, 1911.

———o———

5207-5208.

(Court of Appeal, Parish of Orleans.)

## MORRIS H. ROTHSCHILD vs. LEWIS W. PERKINS, ET AL.

1. Proceedings authorized by law to enforce liens and privileges on personal property found in a parish other than defendant's domicile, are in the nature of proceedings *"in rem"* and a petition in such proceeding, which states the amount of the debt and the nature of the privilege claimed, and prays that the property be seized and held to satisfy the debt, discloses a cause of action even though no personal judgment against defendant be prayed for.

2. Where parties go to trial without objecting to the want of proper parties, it is too late to raise such objections on appeal.

3. Where a defendant though not cited takes cognizance of the pending of the suit, becomes a witness therein, and deals with one of the parties with reference thereto, abandoning unto him

all interest in the subject matter of the suits, he must be considered as having waived citation, and will be held bound by any judgment which may be rendered between the other parties. Having no further interest in the result between these parties, there is no reason to demand his further presence in the suit.

4. Where plaintiff sues upon a claim, which he declares to be evidenced by notes for a like amount which he holds and will produce at the trial of the case, and as a witness in his own behalf fails to show any other indebtedness than that represented by the notes, his suit is one on the notes themselves, and when these have been extinguished, the privilege by which his claim is secured will likewise be held to have been extinguished.

5. One who, though claiming to be a mere stakeholder, fails to deposit the funds and surrender the property involved in the controversy, but retains the same in his possession and defends the suit, is properly condemned for the costs.

Appeal from the Civil District Court, Division "C."

Titche & Rogers, for plaintiff and appellant.

E. M. Cahn, for intervenor, appellant.

Lazarus, Michel & Lazarus, for defendant and appellee.

Dinkelspiel, Hart & Davey, attorneys.

ST. PAUL, J.—Plaintiff brings this suit under the provisions of the statute permitting one who has a lien or privilege upon personal property to seize the same in any parish where the same may be found, regardless of the defendant's domicile. He alleges in substance that defendant, L. W. Perkins, a resident of the Parish of West Feliciana is indebted to him in the sum of $10,700, evidenced by notes for a like amount and being for money advanced for the raising of a crop of cotton, and

that to secure the payment thereof he has a lien on the cotton raised by said Perkins; and that defendants', F. Gumbel & Co. have in their possession 38 bales of said cotton. This is followed by a prayer the meaning and intent of which is that said cotton be seized and held for the satisfaction of his claim, and if already sold that he have judgment against said Perkins and said Gumbel & Co. for the proceeds.

Defendant, Perkins, was never cited, but Gumbel & Co., filed an exception of no cause of action praying that the suit be dismissed, which exception was, by consent, referred to the merits.

As this exception is insisted upon here we may as well dispose of it at once. It is not well founded. Proceedings authorized by law to enforce liens and privileges on personal property found in a parish other than the defendant's domicile are in the nature of proceedings "in rem," and a petition in such a proceeding, which states the amount of the debt and the nature of the privilege claimed and prays that the property be seized and held to satisfy the debt, discloses a cause of action, even though no personal judgment against the defendant be prayed for.

Defendants, Gumbel & Co., then naswered denying plaintiff's claim and privilege and setting forth in substance that of the 39 bales of cotton claimed in the petition eleven had been consigned to them by one W. E. McGraw and were still on hand, that the other 28 bales had been received by them from said Perkins in due course of business, without knowledge of plaintiff's claim, and had been sold for his account and the proceeds paid over to him, less the sum of $229.62 which they still held; and they reiterate their prayer that the suit be dismissed.

Subsequently these defendants filed a supplemental answer in which they set up that the notes sued on had

been paid and extinguished and again reiterate their prayer that the suit be dismissed.

Thereafter W. E. McGraw intervened, claiming the eleven bales of cotton mentioned in Gumble's answer. Plaintiff and Gumbel joined issue on this intervention, praying that it be dismissed. Perkins however was not cited.

With the issues thus made up the parties went to trial, no one objecting to the absence of said Perkins as a party, who at the time had in fact no further interest in the litigation.

For, in the meanwhile, Perkins had for a consideration of $200 cash, and "in settlement and payment of his mortgage in debtedness" to the plaintiff conveyed unto the latter the mortgaged plantation; but plaintiff was moreover to be entitled to whatever he might recover in the present suit, said Perkins, however, did not guarantee any recovery whatever and was not to be held liable for the amount claimed in case of failure. At the same time the notes hereinabove mentioned and constituting the "'mortgage indebtedness" above referred to were cancelled and returned to Perkins.

The above constituted a complete and final extinguishment and discharge of the notes thus canceled and surrendered, as well as an abandonment by said Perkins unto said plaintiff of whatever interest, rights or equities said Perkins might have in this suit or the subject matters thereof, to-wit: the cotton in the hands of Gumbel & Co., or its proceeds. Of course plaintiff still retained whatever interest or rights he had or might still have if any, after the extinguishment of the above mentioned "mortgage indebtedness."

We may here note that Gumbel & Co., now urge that no judgment at all should have been rendered because of the want of citation to Perkins, whom they claim to be

a necessary party. But, as we have said, the parties all went to trial without objection and it is too late to raise any objection for the first time on appeal. Moreover, Perkins, though not cited, has taken cognizance of the pendency of this suit, been a witness therein, and dealt with the plaintiff with reference thereto, abandoning to him all his interest in the subject matter thereof. He must, therefore, be considered as having waived citation, and be held bound by any judgment which might herein be rendered between the other parties. Besides, having no further interest in the result between the other parties, there was no reason to demand his further presence; he was no longer a necessary party.

There was judgment in the court a qua in favor of plaintiff and against Perkins and Gumbel & Co., for $229.62, and the costs of suit; also recognizing plaintiff's lien and privilege on the eleven bales of cotton still on hand. The demand of the intervenor, W. E. McGraw, was rejected at his cost.

From this judgment both plaintiff and intervenor have appealed, but defendants have not. Gumble & Co., have answered the appeal praying that as mere stakeholders they should be relieved of costs. Subsequently they filed a supplemental answer praying that the judgment against them be reversed in toto. But this supplemental answer was filed too late and cannot be considered.

Insofar as the judgment condemns said Gumble & Co., for the sum of $229.62, being the balance still remaining in their hands from the sale of the 28 bales admittedly received from Perkins we are not only powerless to decrease the same but it is in our opinion correct.

But we do not think that plaintiff can recover any more. Whatever privilege he had on the cotton was to secure the indebtedness therein declared upon, and that indebtedness was none other than the notes which were afterwards extinguished, discharged and cancelled.

Plaintiff now urges that the claim sued on was the advances made by him and not these notes. But we think otherwise.

His petition declares that the sum due him is evidenced by notes, which, he holds and will produce on the trial of the case, and as a witness in his own behalf he has entirely failed to prove any other claim than that evidenced by the notes, to which he refers as "showing for themselves" and as having been admitted by Perkins. The advances which he made to the latter were only the consideration given for the notes ; and these being extinguished his privilege upon the cotton is, therefore, also extinguished.

Plaintiff can, therefore, now recover in this suit only what Perkins himself might recover, and that not by virtue of any privilege growing out of an extinct claim, but by virtue of the afore-mentioned abandonment made to him by Perkins. And Perkins could himself have recovered from Gumbel & Co. only the aforesaid balance of $229.62.

We also think, and for the same reason that intervenor is entitled to recover the eleven bales of cotton which he claims. The evidence is conclusive that these eleven bales were in the possession of the intervenor who had received them from Perkins and delivered them to Gumbel.

We think the evidence also shows that the intervenor gave valuable and sufficient consideration for them. But whether he did or not, Perkins had parted with the ownership and possession of these eleven bales; and even if it were a gift, plaintiff is not entitled to them under the abandonment made by Perkins who could not abandon to plaintiff what he no longer owned; and, as we have said, plaintiff has lost any privilege he may have had upon them by the fact that the indebtedness which

gave rise to that privilege has been extinguished.

Insofar then as the judgment rejects the claim of the intervenor it must be reversed.

As to Gumbel & Co's. prayer to be relieved from the costs, it cannot be granted. They were in a position to act as stakeholders with reference to the balance of $229.62, and the eleven bales of cotton, but have not chosen to do so although admitting that they had no interest in those two items.

They have never offered to deposit or surrender the same, or let judgment go herein for these two items. But, on the contrary, they have retained possession thereof and in all their pleadings always asked that both plaintiff and intervenors claims be dismissed.

This was not acting as a mere stakeholder, but it was defending the suit. Under these pleadings there was nothing for plaintiff and intervenor to do but press the matter to judgment, and had judgment gone in accordance with defendant's prayer, neither plaintiff nor intervenor could have recovered anything. They defended the suit throughout against both, denying that either was entitled to recover anything whatsoever herein, and we have no alternative but to cast them for the costs.

It is, therefore, ordered that, insofar as the judgment herein appealed from rejects the demand of the intervenor herein, the same be annulled, avoided and reversed, and it is now ordered that here be judgment in favor of the intervenor, William E. McGraw, decreeing him the owner of the eleven bales of cotton herein claimed by him, and marked "P" Nos. 29 to 39, and directing that same be released from seizure herein and delivered to said intervenor free from any liens or privilege in favor of plaintiff.

It is, further, ordered, that the costs of the intervention, and of the appeal herein taken by the intervenor, be borne one-half by the plaintiff, M. H. Rothschild, and

one-half by the defendant, Ferd. Gumbel & Co.

It is, further ordered, that in all other respects the judgment herein appealed from be affirmed at the cost of appellant M. H. Rothschild.

February 20, 1911.

Rehearing granted on both applications, April 3, 1911.

## On Rehearing.

Act 229 of 1910 vests this Court with the discretion of taxing the costs against the party who in its judgment should equitably bear the same.

ST. PAUL, J.—The court after carefully reviewing the record and having heard additional argument upon all questions involved herein, is satisfied as to the corectness of its former conclusions and the judgment heretofore rendered, insofar as the main issues of the principal demand and of the intervention are concerned.

But reconsideration of the question of liability for costs incurred has convinced the court that there is error in its previous decree taxing these costs partly against the defendant, Ferdinand Gumbel and Company, and that a case is presented where the court, under the discretion vested in it by Act 229 of 1910, should have imposed liability therefor upon plaintiff.

The plaintiff's recovery of the balance of $229.62 in the hands of Ferdinand Gumbel and Company can be sustained, not because, as originally alleged, he was a creditor and entitled to a privilege upon this fund; but simply by reason of a right to this fund, which pending the litigation, he acquired through Perkins' abandonment of his interest therein—and even this recovery might have been properly denied on appeal had not Ferdinand Gumbel and Company, by its failure to timely file its answer to

the appeal, barred further inquiry into that subject in this court.

Ferdinand Gumbel and Company had at all times admitted that the sum of $229.62 was due to Perkins; and the recovery of this amount by plaintiff, as assignee of Perkins, is in itself a vindication of the position and defense which Ferdinand Gumbel and Company had assumed with reference thereto. Consequently it is manifestly just and equitable that the latter should be freed from all liability for costs as to this item.

> See **Lagerquiste vs. Standard Loan Office, No.**
> 5295 of our docket, recently decided and to be
> reported in the 8th Court of Appeal.

As to the costs incurred upon the intervention relative to the cotton on hand, Ferdinand Gumbel and Company, at the outset in its sworn answers to the main demand, made full disclosure concerning the nature of its possession and its knowledge of the ownership of this cotton; and the facts thus disclosed were finally adopted by this court as forming the true basis upon which the respective rights of the parties should be tested and adjudicated. Gumbel and Company occupied the position of stakeholder and as such it impartially put at issue the right of either contestant to recover the property in its hands. The real controversy as to this cotton was confined to plaintiff and the intervenor; and as the latter was successful it is proper that the former should bear the burden of the costs incurred.

Our former decree will be amended only insofar as the taxation of costs is concerned and to that end the decree will now be recast as follows:

It is, therefore, ordered that, insofar as the judgment herein appealed from rejects the demand of the intervenor herein, the same be annulled, avoided and reversed, and it is now ordered that there be judgment in favor of the in-

tervenor, William E. McGraw, decreeing him the owner of the eleven bales of cotton herein claimed by him, and marked P Nos. 29 to 39, and directing that same be released from seizure herein and delivered to said intervenor free from any lien or privilege in favor of plaintiff.

It is further ordered, that the costs of both appeals, as well as all costs of the lower court, both on the main demand and the intervention be paid by the plaintiff, M. H. Rothschild.

It is further ordered, that in all other respects the judgment herein appealed from be affirmed.

May 15, 1911.

———o———

### 5325.

(Court of Appeal, Parish of Orleans).